IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        : CIVIL ACTION NO.
ex rel. JAIME RIVERA,
Registration No. 44529-066        1: CV-01-0096
        Petitioner

        :

        :

V.        :

        :

WARDEN, LSCI ALLENWOOD,
        Respondent        :

FILED
SCRANTON
JAN 17 2001
PER _____
DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 AND §2243

1. PLACE OF DETENTION: LSCI Allenwood, P.O. Box 1000, White Deer, PA. 17887-1000

2. NAME AND LOCATION OF COURT WHICH IMPOSED SENTENCE.

United States District Court, Eastern District of Pennsylvania, Philadelphia, PA.

3. THE INDICTMENT NUMBER OR NUMBERS UPON WHICH AND THE OFFENSE OR OFFENSES FOR WHICH SENTENCE WAS IMPOSED:

91-00394-001

4. THE DATE UPON WHICH SENTENCE WAS IMPOSED AND THE TERMS OF THE SENTENCE.

June 1, 1992, 292 Months' Imprisonment, Ten Years' Supervised Release, and a $100,000.00 Fine.

5. A FINDING OF GUILT WAS MADE FOLLOWING A PLEA OF NOT GUILTY.

6. IF YOU WERE FOUND GUILTY AFTER A PLEA OF NOT GUILTY, CHECK WHETHER THAT FINDING WAS MADE BY A JURY/A JUDGE WITHOUT A JURY.   Some but not all necessary findings were made by a jury.

7. DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION OR THE IMPOSITION OF SENTENCE?  Yes

8. IF YOU ANSWERED "YES" TO (7), LIST

2

(a) the name of each court to which you appealed:  United States Court of Appeals for the Third Circuit.

(b) the result in each court to which you appealed:  Dismissed by agreement of parties pursuant to Fed. R. App. P 42(b).

(c) the date of each result.  September 18, 1992

(d) if known, citations of any written opinion or order entered pursuant to such results:  N/A.

9.  STATE CONCISELY ALL THE GROUNDS ON WHICH YOU BASE EACH ALLEGATION THAT YOU ARE BEING HELD UNLAWFULLY:

(a) The sentence is being executed in violation of the treaties of the United States.

(b) the sentence is being executed in violation of the Fifth & Sixth Amendments to the Constitution of the United States.

(c) The computation of sentence disregards the jury's determination in violation of legal principles articulated in **Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000)

(d) The Bureau of Prison's Public Safety Factor classification should be waived.

10.  STATE CONCISELY AND IN THE SAME ORDER THE FACTS WHICH SUPPORT EACH OF THE GROUNDS SET OUT IN (9):

See attached Memorandum of Law in support of Petition for Writ of Habeas Corpus, a copy of which is attached hereto and incorporated by reference herewith.

11.  HAVE YOU PREVIOUSLY FILED PETITIONS FOR HABEAS CORPUS, MOTIONS UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, OR ANY OTHER APPLICATION, PETITIONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?  Yes.

12.  IF YOU ANSWERED "YES" TO (11), LIST WITH RESPECT TO EACH PETITION, MOTION OR APPLICATION.

(a) THE SPECIFIC NATURE THEREOF:

1.  Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255.

2.  Appeal from Denial of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. Section 2255.

3

3. Motion to Grant Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b).

4. Petitioner's Motion to Vacate Order Entered January 14, 1997.

5. Motion for Resentencing Pursuant to 18 U.S.C. 3582(c)(2).

6. Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and 2243.

7. Appeal from denial of Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 and 2243.

(b) THE NAME AND LOCATION OF THE COURT IN WHICH EACH WAS FILED.

1. United States District Court, Eastern District of Pennsylvania.

2. United States Court of Appeals for the Third Circuit.

3. United States District Court, Eastern District of Pennsylvania.

4. United States Court of Appeals for the Third Circuit.

5. United States District Court for the Eastern District of Pennsylvania

6. United States District Court, Northern District of Ohio

7. United States Court of Appeals for the Sixth Circuit

(c) THE DISPOSITION THEREOF:

1. Denied after evidentiary hearing on issues not related to sentencing. The sentencing issues were left unaddressed.

2. Affirmed.

3. Referred to District Court

4. Denied

5. N/A

6. Dismissed

7. Pending

(d) THE DATE OF EACH DISPOSITION:

1. May 20, 1994.

4

2. February 15, 1995.

3. January 14, 1997.

4. UNKNOWN

5. N/A

6. August 3, 2000

7. N/A

(e) if known, citations of any written opinions or orders entered pursuant to each such disposition. N/A.

13. IF YOU DID NOT FILE A MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, [OR IF YOU FILED SUCH A MOTION AND IT WAS DENIED] STATE WHY YOUR REMEDY BY WAY OF SUCH MOTION IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF YOUR DETENTION.

(1) The issues involve a violation of treaties of the United States. Accordingly, the issues must be brought in a 2241 habeas.

(2) The issues are based on events that occurred after the imposition of sentence. Accordingly, they must be brought in a 2241 habeas corpus petition, and cannot be brought in a 2255 motion.

(3) An inadequate indictment and/or a sentence in excess of the statutory maximum are jurisdictional defect that can be raised at any time. **United States vs. Tran**, 2000 WL 1701651 (2nd Cir.2000), **Kelly vs. United States**, 29 F3d 1107, 1111-1113 (7th Cir. 1994), **Harris vs. United States**, 149 F3d 1304 (11th Cir. 1998).

(4) **Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000) can be applied retroactively to case on collateral review. **Jeffers vs. Chandler**, 2000 WL 1745129 (5th Cir.2000)(the Fifth Circuit noted 2241 habeas corpus relief may be available to a federal prisoner seeking to attack his conviction based on Supreme Court decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.). See also **United States vs. Nicholson**, 2000 WL 1634731 (8th Cir. 2000)

(5) Through habeas corpus, district court may inquire into legality under federal law of federal prisoner's detention. See **Downey vs. Crabtree**, 100 F.3d 552 (9thCir.1996), **Roussos vs. Menifee**, 122 F.3d 159 (3rd Cir.1997). Federal habeas petition appropriate method for federal prisoner to raise a claim regarding the concerned prisoner's post-sentence status. **Martinez Diaz vs. Olsen**, 110 F.Supp.2d 295 (D.N.J. 2000).

14. HAS ANY GROUND SET FORTH IN (9) BEEN PREVIOUSLY PRESENTED TO THIS OR ANY OTHER FEDERAL COURT BY WAY OF PETITION FOR HABEAS CORPUS MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, OR ANY OTHER PETITION, MOTION OR APPLICATION? No.

15. IF YOU ANSWERED "YES" TO (14), IDENTIFY WHICH GROUNDS HAVE BEEN PREVIOUSLY PRESENTED. N/A

16. WERE YOU REPRESENTED BY AN ATTORNEY AT ANY TIME DURING THE COURSE OF

(a) your arraignment and plea? YES.

(b) your trial, if any? YES

(c) your sentencing? YES.

(d) your appeal? YES

(e) preparation, presentation or consideration of any petition, motions or applications with respect to this conviction, which you filed? YES.

17. IF YOU ANSWERED "YES" TO ONE OR MORE PARTS OF (16), LIST

(a) the name and address of each attorney who represented you:

PLEA – Eugene Tinari, Esquire
TRIAL – Nino V. Tinari, Esquire, 205 N. Broad Street, Philadelphia, PA 19107
SENTENCING- Louis T. Savino, Esquire, 1700 Market Street, Philadelphia, PA 19103
APPEAL – Louis T. Savino, Esquire

PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255- N/A

APPEAL FROM DENIAL OF PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 USC 2255 - Cheryl J. Sturm, Esquire, 408 Ring Road, Chadds Ford, PA 19317

PETITION FOR HABEAS CORPUS PURSUANT TO 28 USC 2241 – Cheryl J. Sturm, Esquire, 408 Ring Road, Chadds Ford, PA 19317

APPEAL FROM DENIAL OF PETITION FOR HABEAS CORPUS PURSUANT TO 28 USC 2241 - Cheryl J. Sturm, Esquire, 408 Ring Road, Chadds Ford, PA 19317

6

18.  IF YOU ARE SEEKING LEAVE TO PROCEED IN FORMA PAUPERIS, HAVE
YOU COMPLETED THE SWORN AFFIDAVIT SETTING FORTH THE REQUIRED
INFORMATION IN INSTRUCTIONS, PAGE 1 OF THIS FORM? N/A.

        I, JAIME RIVERA, STATE UNDER PENALTY OF PERJURY THAT THE
FOREGOING IS TRUE AND CORRECT.

EXECUTED ON _12-27-00_                 _Jaime Rivera_
                                       JAIME RIVERA

DATED: _____ 1-15-01                   _Cheryl Sturm_
                                       Cheryl J. Sturm
                                       Attorney-at-Law
                                       408 Ring Road
                                       Chadds Ford, PA 19317
                                       484-771-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :  CIVIL ACTION NO.
ex rel. JAIME RIVERA,
Registration No. 44529-066     :
    Petitioner

                   :

                   :

      V.            :

WARDEN, LSCI ALLENWOOD,
    Respondent           :

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT**
**TO 28 U.S.C. § 2241 AND § 2243**

**Jaime Rivera** ["Petitioner"] submits the following in support of his Petition for Habeas

Corpus pursuant to 28 U.S.C. 2241 and 2243 et. seq.

**I. STATEMENT OF THE CASE**

On August 1, 1991, a Federal Grand Jury returned Indictment #91-394 charging Jamie

Rivera with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 [Count I],

distribution of cocaine in violation of 21 U.S.C. § 841 (a)(1) [Count IV], distribution of cocaine

within one thousand (1,000) feet of a protected location in violation of 21 U.S.C. § 860 [Counts

V & VIII], and possession with intent to distribute cocaine [Count VII].

On August 14, 1991, Eugene Tinari, Esquire entered his appearance on behalf of Jaime

Rivera, who entered a plea of not guilty.

On September 20, 1991, Eugene Tinari again filed an entry of appearance, and Mr.

Rivera filed a Motion contesting the Magistrate's Pretrial Detention Order.  This Motion was

denied November 28, 1991.

2

On November 18, 1991, on the eve of trial, Eugene Tinari filed a withdrawal of appearance and Nino Tinari, Esquire filed an entry of appearance.

On November 22, 1991, following a jury trial, Mr. Rivera was found guilty on Counts One, Four, Five, Seven and Eight.

After the verdict, Jamie Rivera retained Louis T. Savino, Esquire to handle the sentencing and the direct appeal.

On June 1, 1992, Mr. Rivera was sentenced to 292 months' imprisonment, ten years' supervised release, and fined $100,000.00. An Order of Forfeiture was entered in the sum of $78,600.00. The Judgment and Commitment Order was entered on June 10, 1992.

On June 10, 1992, the Notice of Appeal was filed. Subsequently, Louis Savino, Esquire, Mr. Rivera's lawyer, persuaded Mr. Rivera to execute a document consenting to a voluntary dismissal of the appeal. On September 18, 1992, the appeal was dismissed pursuant to Fed. R. App. P. 42(b).

On May 6, 1993, Mr. Rivera filed a pro-se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The pro-se Motion alleged conflict of interest, trial errors, and sentencing errors. The district court judge scheduled an evidentiary hearing. Mr. Rivera hired Mr. Savino to represent him at the evidentiary hearing.

On November 22, 1993, an evidentiary hearing was held on issues relating to the conviction, but not on the issues relating to sentencing. On May 20, 1994, the district court judge filed a Memorandum and Order denying the conviction related issues presented in the § 2255 Motion. The Memorandum and Order overlooked the sentencing issues raised in the § 2255 Motion.

3

On May 31, 1994, a Notice of Appeal was filed. On September 26, 1994, Mr. Rivera filed a motion to stay the appeal and remand for consideration of the sentencing issues. On November 7, 1994, the Third Circuit denied the Motion to stay the appeal and on February 15, 1995, affirmed the district court's decision.

On January 23, 1997, a Motion to Grant Relief from Judgment was filed pursuant to Fed. R. Civ. P. 60(b) in the United States District Court for the Eastern District of Pennsylvania. This Motion was treated as if it were a "second or successive" 2255 Motion, and removed to the Third Circuit Court of Appeals. On January 14, 1997, the Court of Appeals denied leave to file a second or successive Motion.

On July 7, 1998, a pro-se Motion for Resentencing under 18 U.S.C. 3582(c)(2) was filed in the United States District Court for the Eastern District of Pennsylvania.

On June 28, 1999, a Petition for Writ of Habeas Corpus by Person in Federal Custody pursuant to 28 U.S.C. 2241 and 2243 was filed in the United States District Court for the Northern District of Ohio.

On March 10, 2000, the Government filed a brief in opposition to Mr. Rivera's Petition for Writ of Habeas Corpus. Mr. Rivera filed a Motion to Strike the Government's brief. Simultaneously, Mr. Rivera filed a Traverse to the Government's brief.

On May 1, 2000, Magistrate Judge George J. Limbert filed a Report and Recommendation ["MJRR"]. The MJRR recommended the district court dismiss the petition without prejudice. On May 10, 2000, Mr. Rivera filed timely Objections to the MJRR.

On August 3, 2000, United States District Judge Dan Aaron Polster adopted the MJRR and dismissed the 2241 habeas corpus petition.

On October 3, 2000, Mr. Rivera filed a timely Notice of Appeal in the United States Court of Appeals for the Sixth Circuit. The appeal is pending.

## II. STATEMENT OF THE FACTS

On August 1, 1991, a Federal Grand Jury returned Indictment #91-394 charging Jamie Rivera with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 [Count I], distribution of cocaine in violation of 21 U.S.C. § 841 (a)(1) [Count IV], distribution of cocaine within one thousand (1,000) feet of a protected location in violation of 21 U.S.C. § 860 [Counts V & VIII], and possession with intent to distribute cocaine [Count VII].

Count One charged as follows:

> From in or about May, 1991 to in or about July 31, 1991, at Allentown, in the Eastern District of Pennsylvania and elsewhere, defendants JAIME RIVERA, JAVIER CRUZ, JOSE RAFAEL RIVERA, Jr., PATRIA RODRIGUEZ, OSCAR GARCIA, AND GABRIEL ESTRELLA-SANTANA, did knowingly, intentionally and unlawfully conspire, combine, confederate and agree, together with each other and with others known and unknown to the Grand Jury, to distribute cocaine, a Schedule II narcotic drug control substance, in violation of Title 21, United States Code, Section 841 (a)(1).

Count Four charged as follows:

> On or about June 26, 1991 at Allentown, in the Eastern District of Pennsylvania, defendant JAIME RIVERA did knowingly and intentionally distribute approximately 125 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. In violation of Title 21, United States Code, Section 841(a)(1).

Count Five charged as follows:

> On or about June 26, 1991 at Allentown, in the Eastern District of Pennsylvania, defendant JAIME RIVERA did knowingly and intentionally distribute approximately 125 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, within 1000 feet of the real property compromising the Harrison-Morton Middle School, a public elementary school located at Second and Turner Streets, Allentown, in violation of Title 21, United States Code, Section 841(a)(1). In violation of Title 21, United States Code, Section 860.

5

Count Seven charged as follows:

> On or about July 31, 1991, at Allentown, in the Eastern District of Pennsylvania, defendants JAIME RIVERA, GABRIEL ESTRELLA-SANTANA, OSCAR GARCIA, PATRIA RODRIGUEZ, AND JOSE RAFAEL RIVERA, Jr., did knowingly and intentionally possess with intent to distribute, and did aid and abet and willfully cause the possession with intent to distribute, in excess of 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance. In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Count Eight charged as follows:

> On or about July 31, 1991, at Allentown, in the Eastern District of Pennsylvania, defendants JAIME RIVERA, GABRIEL ESTRELLA-SANTANA, OSCAR GARCIA, PATRICIA RODRIGUEZ, and JOSE RAFAEL RIVERA, Jr. did knowingly and intentionally possess with intent to distribute, and aid and abet and willfully cause the possession with intent to distribute, in excess of 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, within 1000 feet of the real property comprising St. Paul's School, a Roman Catholic Elementary School located at Third and Susquehanna Streets, Allentown, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. In violation of Title 21, United States Code, Section 860 and Title 18, United States Code, Section 2.

Mr. Rivera pled not guilty and elected trial by jury. On November 22, 1991, following a jury trial before the Honorable Edward N. Cahn, Mr. Rivera was found guilty on all Counts.

At trial the jury was not instructed that the identity or quantity of the controlled substance was an element of the offense. The jury was not required to find that the substance was cocaine to convict and the jury was not required to find a specific drug quantity in order to convict.

At trial, Judge Cahn instructed the jury, in reference to the conspiracy charge, that "The Government need not prove any over acts alleged in the indictment,..." (Jury Instructions at page 40). The Judge did not instruct the jury that drug identity and drug quantity were elements of the offense in its conspiracy instructions.

With respect to the distribution charge, the Judge instructed the jury that it must "determine whether Jaime Rivera distributed the 125 grams of cocaine..." (Jury Instructions, at

6

page 45). Unlike the distribution instructions, when instructing the jury on the possession with intent to distribute charge, the Judge failed to instruct the jury that it must find the drug quantity and identity. The Judge was aware of the importance of instructing the jury to make findings regarding the drug quantity and identity, as demonstrated by the instructions on distribution, yet he failed to instruct the jury to make such findings on the Conspiracy and Possession with intent to distribute instructions.

The Presentence Investigation Report ["PSI"] made the following recommendations Base Offense Level = 34 finding that Rivera dealt with or had foreseeable knowledge of at least 15 kilograms of cocaine but less than 50 Kilograms.

Adjustments: +2 because the distribution of cocaine occurred within 1000 feet of a school, and increased +4 points because the defendant was an organizer or leader of a criminal activity involving 5 or more participants.

Total Offense Level = 40

Criminal History Category = I

Sentencing Guideline Range = 292 to 365 months.

At sentencing, the district court adopted the computations in the PSI. The district court proceeded to impose a general sentence of 292 months' imprisonment. The sentence was a general sentence because the sentence on the count charging conspiracy was amalgamated with the sentence for the counts charging substantive offenses to arrive at a single sentence.

## III. MR. RIVERA IS BEING HELD IN CUSTODY IN VIOLATION OF A TREATY OF THE UNITED STATES

### A. LEGAL ARGUMENT

Article 9 paragraph 4 of the International Covenant on Civil and Political Rights, December 16, 1966, 999 U.N.T.S. 171 ["ICCPR"] to which the United States became a party in

1992, states, "anyone who is deprived of his liberty by...detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful."

Article 14, paragraph 1, sentence 2 states, "In the determination of any criminal charge against him...everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law."

Article 15, paragraph 1, sentence 3 states, "If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby."

The treaty is self-executing by virtue of 28 U.S.C. 2241(c)(3) which authorizes a prisoner to file for habeas corpus based on a treaty violation.

In **Kansas vs. Colorado**, 206 U.S. 46, 97, 27 S.Ct. 655, 667, 51 L.Ed. 956 (1907) the Supreme Court stated:

> International law is part of our law, and must be ascertained
> and administered by the courts of justice of appropriate jurisdiction
> as often as questions of right depending upon it are duly presented
> for their determination.

An Act of Congress is not to be construed in a manner that violates international law. **Filartiga vs. Pena-Irala**, 630 F2d 876, 887 (2nd Cir. 1980)["The law of nations...has always been part of the federal common law."]

As demonstrated below, Mr. Rivera's conviction and sentence violates mandatory provisions imposed by the ICCPR, as well as the Fifth and Sixth Amendments to the Constitution of the United States.

**IV. THE ICCPR ENTITLES THE PETITIONER TO ONE FULL AND FAIR HEARING BEFORE AN IMPARTIAL TRIBUNAL**

8

Mr. Rivera is entitled to relief under U.S.C. § 2241 because (a) 2241 applies to Treaty violations and 2255 does not and (b) the 2241 motion is based on events that occurred after the imposition of sentence. **Harris vs. United States**, 119 F.Supp2d 458 (DNJ 2000) and (c) at least one of the issues is an unwaivable jurisdictional defect. **United States vs. Tran**, 2000 WL 1701651 (2d Cir. 2000).

Federal courts have jurisdiction over habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Section 2241 states that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). Courts may grant the writ when the petitioner alleges and proves actual innocence or a miscarriage of justice. See, **In re Dorsainvil**, 119 F.3d 245, 248 (3rd Cir. 1997), **Triestman v. United States**, 124 F.3d 361, 377 (2nd Cir. 1997).

In **Gray-Bey vs. United States**, 209 F3d 986 (7th Cir.2000) the district court for the District of Arkansas transferred a writ of habeas corpus under 28 U.S.C. 2241 to the Seventh Circuit after concluding that the petitioner ["Gray-Bey"] was attempting to evade the limitations on second or successive collateral attacks under 2255. The Seventh Circuit reversed and remanded with instructions to consider the 2241 on the merits.

The Seventh Circuit stated that "…a district court presented with a petition for a writ of habeas corpus under 2241 should analyze that petition on its own terms, without assuming that whatever cannot proceed under 2255 also cannot proceed under 2241…" **Id**. at 990. See also **Valona vs. United States**, 138 F.3d 693 (7th Cir.1998)(Not all multiple collateral attacks are

"second or successive" for purposes of statutory restrictions on petitioner's ability to file second or successive motion to vacate), **Barapind vs. Reno**, 2000 WL 1210050 (9[th]Cir.2000)(However, the gatekeeping provision of AEDPA, as set forth in 28 U.S.C. 2244, do not apply to all habeas petitions, nor are all multiple collateral attacks "second or successive").

The Seventh Circuit concluded that "Gray-Bey began these proceedings by filing a 2241 petition in the Eastern District of Arkansas, and we think that he is entitled to a decision in the regular course—that is, by a district judge, followed by appellate review and the opportunity to seek review by the Supreme Court--under that statute." **Gray-Bey** at 990. The Seventh Circuit remanded to the district court for consideration as a petition for a writ of habeas corpus under 2241.

Likewise, in **Hernandez vs. Campbell**, 204 F3d 861 (9th Cir. 2000), the Ninth Circuit held that the district court may not transfer a 2241 habeas corpus petition without first making a determination whether the 2255 remedy is "inadequate or ineffective." According to the Hernandez, the district court must determine whether the 2241 petition falls under the savings clause.

The Court wrote:

> The Central District was also incorrect in stating that 2241 petitions may not address the legality of sentences. Indeed, the whole point of the savings clause is to allow petitions to be filed under 2241 when 2255 is "inadequate or ineffective." **Id.** at 866, footnote 7.

Furthermore, the instant 2241 is the proper remedy when the constitutional violations are based on (a) events that occurred after the imposition of the sentence, or (b) involve a treaty violation.

10

Mr. Rivera was sentenced to 292 months' imprisonment on June 1, 1992. The 2255

Motion was denied on May 20, 1994. **Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000) was

decided June 26, 2000. Plainly, **Apprendi** was decided years after Mr. Rivera was sentenced,

and years after the 2255 motion was decided. **Apprendi** is an event that occurred after the

imposition of sentence that operates to reduce the penalty. Mr. Rivera is entitled to benefit from

**Apprendi** under provisions of the ICCPR, and under the Constitution of the United States.

**Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000) held that the right to due process of

law and the right to a jury trial, read together, entitle a criminal defendant to a jury determination

with respect to every fact that increases the penalty for the crime beyond the prescribed statutory

maximum.

In this case, Mr. Rivera was indicted for drug offenses involving cocaine. The jury was

not instructed on all counts to find the drug quantity beyond a reasonable doubt. The Court

arguably instructed the jury to find the quantity of drugs on the distribution count of the

indictment involving 125 grams of cocaine but did not instruct the jury to find the quantity or

identity of the drugs on the remaining conspiracy and possession with intent to distribute counts.

Accordingly, under the **Apprendi** decision, the maximum sentence for the cocaine

offense is twenty (20) years.[1]

Plainly, a federal prisoner may seek federal habeas corpus if he had no reasonable

opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or

---

[1] The distribution of cocaine count, alleged that Mr. Rivera distributed 125 grams of cocaine.
The judge arguably instructed the jury that it had to find 125 grams of cocaine. If the instruction
was adequate, the jury made the finding that Mr. Rivera was accountable for 125 grams. If the
instruction is adequate, Mr. Rivera would have to be sentenced under 841(b)(1)(C), which calls
for no mandatory minimum and a maximum sentence of 240 months. Because the jury was not
instructed to make a finding on the alleged drug quantities involved in the conspiracy and
possession with intent counts, Mr. Rivera should have also been sentenced under 841(b)(1)(C)
for these counts.

11

sentence because the law changed after the first 2255 motion. **Harris vs. United States**, 119

F.Supp.2d 458 (DNJ 2000), **Davis vs. United States**, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d

109 (1974), **In re Davenport**, 147 F.3d 605, 611 (7th Cir.1998). See also **Triestman vs. United

States**, 124 F.3d 361 (2nd Cir.1997)(2241 review available when not doing so would pose a

serious constitutional question and review is necessary to achieve justice in an extraordinary

case.).

28 U.S.C. 2241 is always available to address claims of actual or legal innocence, or to

correct a miscarriage of justice. **United States vs. Barrett**, 178 F3d 34, 52-53 (1st Cir.1999), **In

re Dorsainville**, 119 F3d 245 (3rd Cir.1997). A sentence above the statutory maximum is a

jurisdictional defect, and an obvious miscarriage of justice. **United States vs. Tran**, 2000 WL

1701651 (2nd Cir. 2000). **Kelly vs. United States**, 29 F3d 1107, 1111-112 (7th Cir. 1994),

**United States vs. Nordby**, 225 F.3d 1053 (9th Cir. 2000)

Misapplication of the guidelines is a fundamental defect resulting in a complete

miscarriage of justice that cannot be waived.  See **United States v. Maybeck**, 23 F3d 888 (4th

Cir. 1994).

In **Maybeck** the Court of Appeals for the Fourth Circuit stated that "… the United States

Supreme Court has recognized that it is an unacceptable deviation from our fundamental system

of justice to automatically prevent the assertion of actual innocence simply because a defendant

has not observed procedural avenues available to him." **Id.** at 892. See **Murray vs. Carrier**, 477

U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1985), **Engle vs. Isaac**, 456 U.S. 107, 102 S.Ct.

1558, 71 L.Ed.2d 783 (1982), **Jones vs. Arkansas**, supra.

In **Gomori vs. Arnold**, 533 F2d 871, 874 (3$^{rd}$Cir.), cert. den. 429 U.S. 851 (1976), the

Court stated that a petition brought under 2241 is appropriate "where petitioner challenges the

12

effect of events subsequent to his sentence." In this case, all issues in the 2241 are based on events that occurred after the imposition of sentence.

Furthermore, where, as here, a 2241 petition is based on events that occurred after the sentencing, the petition may include events that occurred up to and including the sentencing. Traditionally, 2241 is the appropriate remedy where the allegations involve a mixture of events, i.e., events that occurred before, during, and after the imposition of the sentence. **Cohen vs. United States**, 593 F2d 766, 769 (6th Cir.1979).

Mr. Rivera's 2241 habeas does not attack the correctness of the sentence at the time it was imposed; as such, the petition is properly brought under 28 U.S.C. Section 2241. **United States vs. Crawford,** 477 F. Supp. 266, 269 (M.D. Tenn.1979), **Cohen v. United States**, supra.

In **United States ex. rel. Legillou vs. Davis**, 212 F2d 681 (3rd Cir.1954) this Court stated:

> Indeed, we think the remedy by motion (under 2255) can be inadequate or ineffective to test the legality of detention only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.

In this case, Mr. Rivera cannot get complete relief in a 2255 motion because the issues presented for adjudication involve facts that (a) involve a treaty violation and (b) occurred after the imposition of sentence. Because a 2255 motion cannot be used to address events that occurred after imposition of sentence, and cannot be used to redress a treaty violation, the 2255 remedy is inadequate and ineffective. **Cohen vs. United States**, supra, (petitioner may use 2241 where 2255 remedy cannot afford complete relief).

## V. THE ICCPR GUARANTEES THE RIGHT TO HAVE THE SENTENCE RECOMPUTED IN LIGHT CHANGES IN THE LAW INCLUDING APPRENDI

13

## A.  DRUG QUANTITY IS THE PRIMARY FACTOR DRIVING THE COMPUTATION OF THE SENTENCE

In **Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000), the United States Supreme Court

held that the prosecution must plead and prove every fact necessary to increase the maximum

sentence provided by statute. The Court stated, "Other than a fact of a prior conviction, any fact

that increases the penalty for a crime beyond the prescribed statutory maximum must be

submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 2362-63.

In **United States vs. Murphy**, 109 F.Supp.2d 1059 (DMN 2000), the Court wrote:

> In a subsequent appellate decision, **United States vs. Aguayo-Delgado**, 2000WL988128 (8th Cir. 2000), the Eighth Circuit Court of Appeals concluded, "in Apprendi, the Supreme Court made it clear that the principle discussed in Jones is a rule of constitutional law." Moreover, as the Aguayo-Delgado decision confirms, the Court's ruling in Apprendi means that in any drug case where the defendant is subject to penalties in excess of those prescribed by 21 U.S.C. 841(b)(1)(C), the government must charge drug quantity and prove that fact to the jury beyond a reasonable doubt...
>
> ***        ***        ***        ***        ***
>
> There can be little doubt that the sweeping new requirement announced by the Court in Apprendi is so grounded in fundamental fairness that it may be considered of watershed importance. Accordingly, the Court concludes that the Apprendi decision falls under the second exception to the Teague nonretroactivity principle and must be applied to this section 2255 motion. Id at *4

In **United States vs. Nordby**, 225 F.3d 1053 (9th Cir.2000) the Ninth Circuit concluded

that the amount of drugs for which a defendant is sentenced under a statute which prohibits

manufacturing, distributing, or dispensing a controlled substance, or possessing such a substance

with intent to manufacture, distribute, or dispense, is a fact that increases prescribed statutory

maximum penalty, and thus must be submitted to the jury and proven beyond a reasonable doubt,

rather than determined by the Court under a preponderance of the evidence standard.

14

In **United States vs. Meshack**, 225 F3d 556 (5th Cir.2000), the Government conceded the applicability of the Apprendi decision to the federal drug trafficking statute. See also **United States vs. Doggett**, 2000 WL 1481160 (5th Cir. 2000)

In **United States vs. Rebmann**, 226 F.3d 521 (6th Cir. 2000), the Sixth Circuit stated in a footnote that **Apprendi** requires that all facts used to increase the sentence be included in the indictment. In that case, the defendant pled guilty to a violation of 21 U.S.C. 841(a)(1). She understood the penalty would be a maximum of 20 years under 841(b)(1)(C) unless the district court found that a death resulted from the distribution in which case the sentence would be 20-Life. At the sentencing hearing, the district court found that the death of the defendant's ex-husband was caused by the distribution of heroin, and imposed a sentence of 292 months' imprisonment. The sentence would have been 24-30 months absent the determination that death was caused by the drug distribution. The Court vacated the sentence and remanded for a determination whether the death was caused by distribution of heroin using the reasonable doubt standard.

In **Clinton vs. United States**, Supreme Court Docket No. 00-5123, the Supreme Court granted certiorari, vacated the sentence, and remanded to the lower court for application of Apprendi. The **Clinton** decision is a signal that the United States Supreme Court understood Apprendi to apply to the Federal Sentencing Guideline Manual.

For example, in this case, the +4 level enhancement for leadership role would be invalid because it was not alleged in the indictment, and proven to the satisfaction of a jury beyond a reasonable doubt.

15

In **United States vs. Rogers**, 228 F.3d 1318 (11th Cir. 2000), the Court held that unless the government pleads and proves the elements of the aggravated drug offense, the sentence can be no higher than the highest sentence for a drug offense simpliciter.

In **United States vs. Henderson**, 105 F.Supp.2d 523 (S.D.W.Va. 2000) the district court concluded that **Apprendi vs. New Jersey**, supra, "mandates that in cases in which the government seeks increased penalties, the amount of drugs involved in a violation of section 841 is an element of the offense that must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." The court held that the authority to determine the quantity of drugs now rests in the hands of the jury and therefore the court could not sentence the defendant pursuant to an increased statutory penalty range. **Id**.

The Apprendi decision is consistent with the way many states have treated drug trafficking statutes with aggravated sentences based on drug quantity and type of drug. Most state courts require the state to prove quantity to the jury as an element of the offense. **Roberts vs. State**, 612 So.2d 1312, 1313 (Ala Crim. App. 1992), **State vs. Delossantos**, 559 A2d 164, 175 (Conn. 1989), **State vs. Skyers**, 560 A2d 1052, 1054 (Del. 1989), **Safford vs. State**, 708 So2d 676, 677 (FLA Dist. Ct. App. 1998), **State vs. Mattiello**, 978 P2d 693, 699 (HE, 1999), **State vs. Payan**, 977 P2d 228, 231 (Idaho Ct. App. 1998), **People vs. Jones**, 675 N.E.2d 428-29 (Ill 1996), **Riley vs. State**, 711 N.E.2d 489, 493 (Ind. 1999), **Taylor vs. Commonwealth**, (KY Ct. App. 1998), **State vs. Riley**, 731 So. 2d 409, 413 (La.Ct. App. 1999), **Wadlow vs. States**, 642 A2d 213, 216 (MD 1994), **State vs. Traxler**, 583 NW 2d 561-62 (MN 1998), **People vs. Barnes**, 673 NYS 2d 366, 367 (NY App. Div. 1998), **Rodriguez vs. State**, 970 SW 2d 66, 68-69 (TX 1998).

16

Mr. Rivera was indicted for conspiracy to distribute and possess with intent to distribute of cocaine in violation of 21 U.S.C. 846 [Count I], distribution of cocaine in violation of 21 U.S.C. § 841 (a)(1) [Count IV], distribution of cocaine within one thousand (1,000) feet of a protected location in violation of 21 U.S.C. § 860 [Counts V & VIII], and possession with intent to distribute cocaine [Count VII].

The drug quantity alleged in Count VII of the indictment was " in excess 500 grams of a mixture or substance containing a detectable amount of cocaine " but the jury was not instructed that the drug quantity was an element of the offense of Count VII of the indictment. The jury was not instructed to find the drug quantity beyond a reasonable doubt. Similarly the Jury was not instructed that the drug quantity was an element of the offense of the conspiracy count of the indictment (Count I). The Jury was only instructed that drug quantity was an element of the offense on the distribution count of the indictment (Count IV).

Mr. Rivera's sentence was determined using the preponderance of the evidence standard by the sentencing judge over defense objections including objections to the sentencing factors driving the sentencing determination. The failure to submit all of the quantity of drugs to the jury denies due process of law and denies the right to trial by jury.

## B. THE MAXIMUM SENTENCE THAT CAN BE IMPOSED IS 20 YEARS' IMPRISONMENT UNDER 21 U.S.C. 846 AND 841(b)(1)(C)

Mr. Rivera was charged with conspiracy to distribute cocaine and possession with intent to distribute in violation of 21 U.S.C. Section 841(a)(1) and 846. The judge instead of the jury determined the quantity of the majority of the drugs with which Mr. Rivera was allegedly involved[2].

---

[2] At trial, the Judge arguably instructed the Jury to make a finding on the drug quantity, but only with respect to the distribution count of the indictment. The distribution count only alleged that

Accordingly, the statutory penalty structure for the most basic drug offense involving cocaine must be used. **United States vs. Orozco-Prada,** 732 F2d 1076, 1084) (2nd Cir.), cert. den. 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984), **United States vs. Rhynes,** 206 F3d 349 (4th Cir. 2000), **United States vs. Quicksey,** 525 F2d 337, 341 (4th Cir.), cert. den. 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976). See also **United States vs. Henderson**, supra, ("Because the indictment did not charge, nor did the jury find an amount of drugs, this court was confined within the twenty years provided by section 841(b)(1)(C) when sentencing Henderson ["the Defendant"] on the grouped counts"), **United States vs. Rogers,** supra.

The lowest penalty for conspiracy to distribute cocaine appears at 21 U.S.C. Section 846 and carries a penalty of 0-20 years' imprisonment.

21 U.S.C. 841(b)(1)(C) provides the lowest penalty for distribution of cocaine:

> In the case of a controlled substance in schedule I or II, or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years....

The failure to submit to the jury all of the quantity of drugs, the essential fact driving the sentencing calculation denies due process of law and denies the right to trial by jury. **Apprendi** dictates that Mr. Rivera's conviction should be reversed because the government failed to prove each and every element of the offense beyond a reasonable doubt. **In re Winship**, 397 U.S. 358, 364 (1970).

In addition, the judge arbitrarily assigned a +4 level enhancement for role in the offense despite the fact that role was not alleged in the indictment or proven to the satisfaction of a jury beyond a reasonable doubt.

---

Mr. Rivera was involved with 125grams, which would carry a statutory max of 20 years, and no minimum under 841(b)(1)(C).

At minimum, Mr. Rivera is entitled to be resentenced without reference to drug quantity, and without reference to role in the offense.[3]

## C. THE INDICTMENT IS DEFICIENT

In this case, Count I of the indictment of which Mr. Rivera was convicted fails to mention the quantity of cocaine. Therefore, the government has not pled and proved the essential element of the offense (quantity of controlled substance) necessary to increase the maximum penalty. See **United States vs. Castillo**, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000)(Indictments are defective in that they are missing an essential element of the separate, aggravated crime.), **Jones vs. United States**, 526 U.S. 227, 243 n. 6, 119 S.Ct.1215, 143 L.Ed.2d 311 (1999)(enhancement elements must be charged in an indictment).

**Apprendi** dictates that Mr. Rivera's conviction should be reversed because the government failed to prove each and every element of the offense beyond a reasonable doubt. **In re Winship**, supra at 364.

In **United States vs. Soldano,** 626 F. Supp. 384 (S.D. Florida, 1986), the Court stated that the indictment must set forth the essential elements of the offense.

**Apprendi** says that all facts necessary to impose a sentence must be stated in the indictment, and proven to the satisfaction of a jury beyond a reasonable doubt.

If drug quantity is an element of the offense, it follows the indictment is jurisdictionally deficient because it does not contain a plain statement of each element of the offense. **United States vs. Tran**, 2000 WL 1701651 (2nd Cir.2000)(District Court did not have jurisdiction to enter a conviction or impose sentence for an offense not charged in the indictment). See also

---

[3] If resentencing is the appropriate remedy for an **Apprendi** violation, then it would be de novo using the sentencing guidelines manual in effect today. **United States vs. Harris,** 209 F3d 156 (2nd Cir. 2000)[De novo resentencing when sentence is vacated in 2255], **United States vs. Faulks,** 201 F3d 208 (3rd Cir. 2000)[same].

**Harris vs. United States**, 149 F3d 1304 (11th Cir. 1998)(jurisdictional deficiencies in an

indictment of information cannot be waived). See also **United States vs. Cabrera-Teran**, 168

F.3d 141 143 (5th Cir.1999)(where an indictment fails to allege each material element of the

offense, it fails to charge that offense.), **United States vs. Foley**, 73 F.3d 484 (2nd Cir.1996)(A

failure of the indictment to charge an offense may be treated as a jurisdictional defect), **Crosby**

**vs. United States**, 339 F.2d 743 (D.C.Cir.1964)(The scope of the indictment goes to the

existence of the trial court's subject matter jurisdiction.).

## D. APPRENDI IS RETROACTIVE TO CASES ON COLLATERAL REVIEW

In **Darity vs. United States**, ___F.Supp.2d ___, 2000 WL 1804736 * 1 (WDNC 2000),

the court said:

> We understand the implications of extending Apprendi
> to collateral review. But we do what we believe the law
> requires. Our constitutional history teaches us we best
> survive when we hew to the line drawn by the rule of
> law. Because, under Teague, we conclude Apprendi applies,
> we conclude Apprendi implicates procedures implicit in
> the concept of ordered liberty, we find Apprendi applies
> to a timely filed post conviction petition.  *1

In **Robinson vs. United States**, 2000 WL 1585686 *1 (SDNY 2000), and **Parise**

**vs. United States**, 117 F.Supp. 2d 204 (DCT 2000), **United States vs. Nicholson**, 2000

WL 1634731 (8th Cir. 2000), **Illinois vs. Beachum**, 2000 WL 1677715 * 22 (Ill App. 1

Dist. 2000), and **United States vs. Murphy**, 109 F.Supp.2d 1059 (DMN 2000), the

courts applied **Apprendi** retroactively to case on collateral review. See also **Jeffers vs.**

**Chandler**, 2000 WL 1745129 (5th Cir.2000) (the Fifth Circuit noted 2241 habeas corpus relief

may be available to a federal prisoner seeking to attack his conviction based on Supreme Court

decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.).

Moreover, in **United States vs. Tran**, 2000 WL 1701651 (2nd Cir. 2000), the Second Circuit correctly stated that a sentence above the statutory maximum is a jurisdictional defect. Such defects, of course, cannot be waived or defaulted. **Kelly vs. United States**, 29 F3d 1107, 1111-112 (7th Cir. 1994).

Based on the foregoing cases, the principles of **Apprendi** are retroactive on collateral review.

## VI. THE COURT LACKED JURISDICTION TO IMPOSE A 292 MONTH SENTENCE

### A. APPRENDI

The district court did not identify the identity and all the quantities of the drugs as elements of the offense. Consequently, the jury did not pass on the quantity of all the drugs.

As such, the district court could not legally impose a sentence in excess of two-hundred forty (240) months' imprisonment.[4] **Apprendi vs. New Jersey**, 120 S.Ct. 2348 (2000). [See **Apprendi** argument above], **Tran.**

### B. ILLEGAL GENERAL SENTENCE

Mr. Rivera was convicted of five counts relating to the possession and distribution of cocaine. The district court imposed a general sentence of 292 months' imprisonment on all five counts.

General sentences are per se illegal. **Jones vs. United States**, 224 F.3d 1251 ($11^{th}$Cir.2000). "A general sentence is an undivided sentence for more than one count that does

---

[4] Assuming the jury found the substance was cocaine the maximum sentence would be twenty years under 21 U.S.C. 841(b)(1)(C). Assuming the jury made no finding, the maximum sentence would be five years under 21 U.S.C. (b)(1)(D).

21

not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." **United States vs. Woodard**, 938 F.2d 1255, 1256 (11th Cir.1991). See also **Benson vs. United States**, 332 F.2d 288, 291 (5th Cir.1964), **United States vs. Scott**, 664 F.2d 264 (11th Cir.1981)(General sentence per se illegal and require remand for resentencing), **United States vs. Freisinger**, 937 F.2d 383, 392 (8th Cir.1991)("A sentence not exceeding five years could be achieved either by imposing a five year sentence on each of the … convictions and ordering them to run concurrently or, as the parties suggest, by imposing a general sentence of five years on the four convictions. Between these two alternatives, the former is more in keeping with the traditional federal sentencing scheme").

The statutory maximum penalty on Count One, conspiracy to distribute cocaine, is 20 years imprisonment pursuant to 841(b)(1)(C). See **Apprendi vs. New Jersey**, supra. The statutory maximum penalty for Count Four, distribution of cocaine, is 20 years imprisonment pursuant to 841(b)(1)(C)[5]. The statutory penalty for Count Seven, possession with intent to distribute cocaine, is 20 years pursuant to 841(b)(1)(C). See **Apprendi vs. New Jersey**, supra. The court imposed a two level increase to Mr. Rivera's base offense level in regard to Counts Five and Eight, distribution of cocaine within one thousand (1,000) feet of a protected location.

The court imposed a general sentence of 292 months on Counts One, Four, Five, Seven and Eight. Therefore the general sentence exceeds the maximum allowable on the separate counts.

Even if the sentences for counts One and Seven where not limited by the **Apprendi vs. New Jersey** decision, the general sentence would still be per se illegal since it would exceed the

---

[5] Recommended range under the guidelines for Count Four would be 27 to 33 months. Offense Level 12, Criminal History I. There are no applicable guidelines for Counts One and Count Seven since the jury made no findings as to the alleged drug quantity regarding these two counts.

22

maximum allowable sentence on count Four. Accordingly, the general sentence is per se illegal and the case is required to be remanded for resentencing.

## VII. REQUEST FOR WAIVER OF PUBLIC SAFETY FACTOR CLASSIFICATION

On April 11, 1995, Mr. Rivera filed an Inmate Request to Staff Member requesting that an application for waiver of his Public Safety Factor ["PSF"] be submitted to the Bureau of Prisons Regional Director. (Exhibit A). Mr. Rivera was informed that the waiver of his PSF would be considered when his points were low enough for him to be considered for minimum level placement (7 points).

On June 16, 2000, Mr. Rivera filed an informal resolution. Once again Mr. Rivera requested that his greatest severity factor be removed from his classification level. (Exhibit B).

On June 23, 2000, Mr. Rivera filed a Request for Administrative Remedy. Mr. Rivera once again requested the removal of the greatest severity factor from his classification level. (Exhibit C). On July 12, 2000, Susan Gerlinski, Warden for LSCI Allenwood stated, after a review of Mr. Rivera's Presentence Report, that Mr. Rivera has been properly scored with the greatest severity offense and has a public safety factor of sentence length. (Exhibit D).

On July 21, 2000, Mr. Rivera filed a Regional Administrative Remedy Appeal. Mr. Rivera appealed Ms. Gerlinski's decision and once again requested the removal of the greatest severity record from his classification. (Exhibit E). On August 21, 2000, David M. Rardin, Regional Director responded to Mr. Rivera's appeal. In his response, after a review of Mr. Rivera's Presentence Report, Mr. Rardin denied Mr. Rivera's appeal. (Exhibit F).

On September 5, 2000, Mr. Rivera filed an appeal to the Central Office Administrative Remedy. (Exhibit G). On November 24, 2000, Harrell Watts, Administrator National Inmate Appeals, denied Mr. Rivera's appeal. (Exhibit H).

23

Mr. Rivera's requests for removal/waiver of his greatest severity factor were all denied on the basis of the information contained in his PSI. Warden Gerlinski, Regional Director Rardin and Administrator of National Inmate Appeals Watts all relied on the fact that the PSI found Mr. Rivera to be a leader or organizer and because, according to the PSI, Mr. Rivera was involved in the distribution of 15-50 kilograms of cocaine.

Mr. Rivera has exhausted his administrative remedies and now asks the Court to direct the BOP to waive his Public Safety Factor,  which is part of Mr. Rivera's classification.

The BOP cannot show that Mr. Rivera was involved in the amounts of drugs that the PSI alleges, nor can it show that Mr. Rivera was a leader or organizer as the PSI alleges.

As discussed above, the Government did not plead and did not proved the essential element of the offense (quantity of controlled substance) necessary to increase the maximum penalty on the Conspiracy Count of the Indictment. In addition, the district court did not identify all the quantities of the drugs as elements of the offense. Consequently, the Jury did not pass on the quantity of all the drugs. **Apprendi** dictates that Mr. Rivera's conviction should be reversed because the government failed to prove each and every element of the offense beyond a reasonable doubt. See **Apprendi vs. New Jersey**, Supra. Furthermore, the Government did not plead or prove role in the offense.

The PSI arbitrarily, capriciously, and whimsically attributed 15 kilograms to 50 kilograms of cocaine to Mr. Rivera. Besides being arbitrary, capricious, and whimsical, without a finding from the jury, the PSI's alleged drug quantities are inconsistent with the ICCPR, the due process clause, the sixth amendment right to jury trial. Accordingly, the BOP's reliance on the PSI to impose a Public Safety Factor Classification is erroneous.

24

As stated elsewhere in this document, the Government did not plead and prove beyond a reasonable doubt that Mr. Rivera was the leader or organizer of the alleged conspiracy. See **Clinton vs. United States**, supra. Consequently, the jury did not pass on the leader or organizer enhancement. Without a finding from the Jury the PSI's leader or organizer enhancement is to be discarded, therefore the Bureau's of Prison's erroneously relied on the PSI to impose a Public Safety Factor Classification on Mr. Rivera.

Moreover, the PSI itself demonstrates that Mr. Rivera was not the leader or organizer of the alleged conspiracy. The PSI states that Patria Rodriguez, one of Mr. Rivera's alleged employees, was paid for her deliveries by "Vino" a New York drug dealer. The PSI also demonstrates that Vino decided what quantities of drugs he would front to Mr. Rivera, not the other way around. Moreover, Oscar Garcia and Gabriel Estrella-Santana, two of Mr. Rivera's alleged employees, were acquitted and Jose Rivera Jr., another of Mr. Rivera's alleged employees, was acquitted on the conspiracy count. Essentially, the PSI accuses Mr. Rivera of being a Chief with no Indians.

Because the government failed to plead the drug quantities and the leadership or organizer role, and because the jury failed to make a finding on those two elements of the offense, the BOP cannot rely on the erroneous drug quantities and enhancements alleged in the PSI to impose on Mr. Rivera a Public Safety Factor classification.

**VIII. CONCLUSION**

The Petition should be granted. The writ should issue.

Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, Pennsylvania 19317
(484) 771-2000

# EXHIBIT A

P.S. 5311.05
March 3, 1994
Attachment A, Page 1

BP-S148.70    **INMATE REQUEST TO STAFF MEMBER**  CDFRM
Oct. 1986
**U.S. DEPARTMENT OF JUSTICE**          **Federal Bureau of Prisons**

DATE _4-11-95_

TO: _MRS. KINDER (CASE MANAGER)_
          (Name and Title of Officer)

SUBJECT: State completely but briefly the problem on which you desire assistance and what you think should be done (Give details).

_AS YOU KNOW I HAVE A "GREATER SEVERITY"_
_RATING AS A PUBLIC SAFETY FACTOR I UNDERSTAND_
_THIS P S F CAN ONLY BE WAIVED BY THE_
_Regional Director AND APPLICATION FOR SUCH_
_A WAIVER MUST BE DONE VIA SENTRY. WOULD_
_YOU PLEASE MAKE A APPLICATION TO WAIVE THESE._

_THANK YOU_

(Use other side of page if more space is needed)

NAME _JAIME RIVERA_          No.: _# 44529-066_

Work Assignment: _UNICOR_          Unit: _3B_

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)          DATE _4-11-95_

_Waiver of PSFs will only be_
_considered when your points are low enough_
_for you to be considered for minimum level placement_

# EXHIBIT B

ALF 1330.11
Attachment 1

## INFORMAL RESOLUTION

INMATE NAME: __Jaime Rivera__    REG. NO. __44529-066__    UNIT: __Brady__

DATE: __June 16, 2000__

SYNOPSIS OF COMPLAINT: __On May 13, 2000, I presented a cop out to Ms.__

__Plaisance concerning the removal of the greatest severity factor from my__

__classification level. As of today, I havenot received an answer to this__

__request. The factor was derived from a misapplication of item # 7 on my PSI.__

__Clearly, I wasn't number 1 in the drug chain. It shows I was purchasing__

__drugs from people named "Chelo" or "Vino". Please let me know why my cop-out__

__wasn't answered and why this factor hasn't been removed from my custody__

__level. Thank you.__

__(Copy of May 13, 2000, cop-out attached.)__

INMATE SIGNATURE: _Jaime Rivera_    DATE: __June 16, 2000__

DATE RECEIVED FROM INMATE: _____

STEPS TAKEN TO RESOLVE COMPLAINT AND RESULT OF INVESTIGATION: _____

_____

_____

_____

_____

_____

DATE COMPLETED: _____

DATE RETURNED TO INMATE: _____

STAFF SIGNATURE: _____

# EXHIBIT C

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Rivera, Jaime | 44529-066 | Brady | LSCI Allenwood |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**   I sent a cop out to Ms. Plaisance on May 13, 2000, which
s never answered, which I followed up with a BP-8 on June 16, 2000, which was
swered (copies attached), which I am dissatisfied with.  I am seeking the removal
the greatest severity factor from my classification level.  At my prior
stitution, I was told that this would be waived when my points are low enough
ich would be now (copy attached).  Ms. Plaisance relied on my PSI information
ich was erroneous.  I didn't direct a cocaine trafficking organization.  My
defendant, Patria Rodriguex, delivered cocaine as directed by a "Chelo" or
ino" in New York City and would be paid by them (paragraph 7 in PSI).  It
s not established that the individuals name in paragraph 8 of the PSI were
ovided drugs by me.  In fact, Jose Rivera, Jr. was found at trial of being
t guilty of conspiracy with me.  I request that the greatest severity factor
removed from my classification level so I may procede to a camp.  Thank you.

| June 23, 2000 | *Jaime Rivera* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

**Please see attached**

Susan Gerlinski, Warden

| | WARDEN OR REGIONAL DIRECTOR |
|---|---|
| DATE | |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE

CASE NUMBER: **215823-F1**

---

CASE NUMBER:

**Part C– RECEIPT**
Return to:

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT:

# EXHIBIT D





**UNITED STATES GOVERNMENT**
Department of Justice
Low Security Correctional Institution
Allenwood Federal Correctional Complex
White Deer, PA 17887

**REQUEST FOR ADMINISTRATIVE REMEDY**
**PART B - RESPONSE**

RIVERA, Jaime
REG. NO.: 44529-066
REMEDY ID: 215823-F1

    I am in receipt of your Request for Administrative Remedy wherein you request the removal of the greatest severity factor from your custody classification. A review of your record reveals that you were convicted of Conspiracy to Distribute Cocaine, a Schedule II Narcotic; Distribution of Cocaine Within 1000 Feet of a School; Possession With Intent to Distribute Cocaine; and Criminal Forfeiture. You were sentenced to a term of 292 months, with a projected release date of October 11, 2012 via Good Conduct Time release.

    According to your presentence report you directed a cocaine trafficking organization in Allentown, Pennsylvania which distributed 15-50 Kilograms of cocaine. Additionally, you managed a minimum of seven (7) individuals in this drug trafficking conspiracy.

    Program Statement 5100.07, Chapter 7, Page 1, proves that a greatest severity offense is any drug offender whose current offense includes the offender was part of an organizational network and he organized or maintained ownership profits from large scale drug activity and the drug amount equals or exceeds the amount of 10 Kilos or greater.

    Based upon the aforementioned, you are properly scored with the greatest severity offense. Additionally, you have a public safety factor of sentence length making you ineligible for camp placement.

    Your request for Administrative Remedy is denied. If you are dissatisfied with the above findings, you may submit a Regional Appeal via Form BP-230(13), to the Northeast Regional Director within twenty calendar days from the date of this response.

7/12/00
Date

Susan Gerlinski, Warden

# EXHIBIT E

| U.S. Department of Justice | Regional Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP–DIR-9 including any attachments must be submitted with this appeal.

From: Rivera, Jaime                    44529-066          Brady          LSCI Allenwood
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL** I am appealing remedy ID # 215823-F1 concerning the assignment of a public safety factor to me.  My presentence report was in error in stating that I managed seven (7) individuals; attached is trial testimony showing that I was a link in the chain.  Cello or Vino gave the cocaine to a Patria Rodriguez who delivered it to me.  Cello or Vino paid Patria Rodriguez, not me.  Please remove the greatest severity record from my classification.  Thank you.

July 21, 2000                                              Jaime Rivera
      DATE                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE                                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 215823-R1

**Part C—RECEIPT**

                                             CASE NUMBER: _____

Return to: _____
      LAST NAME, FIRST, MIDDLE INITIAL      REG.-NO.      UNIT      INSTITUTION

SUBJECT: _____

# EXHIBIT F

RIVERA, Jaime
Reg. No. 44529-066
Appeal No. 215823-R1
Page One

## Part B - Response

In your appeal, you are requesting removal of the Greatest
Severity Public Safety Factor (PSF) applied to your Security
Designation Custody Classification Form (BP-338) so you could be
transferred from LSCI Allenwood to a camp. You contend your role
in the drug offense was not that of a manager; therefore, you
request removal of the greatest severity scoring for your current
offense.

Pursuant to Program Statement 5100.07, Security Designation and
Custody Classification Manual, certain drug offenders will be
scored in the greatest severity category. A review of your
records indicates your offense of conviction involved the
distribution of 15-50 kilograms of cocaine. Additionally, your
base offense level was increased by four levels as a result of
your leadership or organizer role in the offense. Your
Presentence Investigation Report states that you directed a
minimum of seven individuals in the drug trafficking conspiracy.
You made major decisions regarding the drug distribution and you
were responsible for directing the flow of cocaine from New York
through your establishments in Allentown, Pennsylvania. Under
Appendix B to the above Program Statement, a drug offender whose
current offense has your characteristics is scored as a greatest
severity offense and a Public Safety Factor is applied. The
Warden appropriately exercised her discretion in your case to
maintain the greatest severity offense classification.
Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the
General Counsel, Federal Bureau of Prisons. Your appeal must be
received in the Administrative Remedy Section, Office of General
Counsel, Federal Bureau of Prisons, 320 First Street, NW,
Washington, D.C. 20534, within 30 calendar days of the date of
this response.

Date: August 21, 2000

DAVID M. RARDIN
Regional Director

# EXHIBIT G

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Rivera, Jaime                    44529-066          Brady        LSCI Allenwood
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.              UNIT              INSTITUTION

**Part A—REASON FOR APPEAL** I am appealing #215823-R1 for its innaccuracy. First, it neglects to address my copout from April 11, 1995, in which I was told that the waiver of PSF would be addressed when my points were low enough for a minimum (see attached). I am at that point. Secondly, my presentence report was inaccurate in stating that I managed 7 people. Attached is trial testimony showing that I was a link in the chain. Cello or Vino paid Patrial Rodgriguez, not me. Pelase remove the greatest severity from my classification. Thank you.

9/5/00
DATE                                        Jaime Rivera
                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED
SEP 2 5 2000
ADMINISTRATIVE REMEDY BRANCH

RECEIVED
SEP 12 am
ADMINISTRATIVE REMEDY BRANCH

_____                              _____
DATE                                         GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                   CASE NUMBER: 215823-A1

**Part C—RECEIPT**
                                             CASE NUMBER:
Return to:
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT            INSTITUTION
SUBJECT:

# EXHIBIT H

**Administrative Remedy No. 215823-A2**
**Part B - Response**

You appeal your security and custody level classification.  You claim staff promised to waive your "Greatest Severity" Public Safety Factor (PSF) when your points were low enough for a minimum security level facility.  You also claim the PSF is based on inaccurate information in your Pre-Sentence Investigation (PSI) Report.

We have reviewed your appeal concerning your classification. This issue is under the authority of the Warden as described in Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>.  This policy authorizes the greatest severity offense classification and PSF when the total offense behavior documents an offender committed an offense that falls in the "Greatest Severity" range.  You are properly assessed seven points for the severity of your current offense as it involved the possession and distribution of cocaine in an amount greater than 10 kilograms.  Additionally, staff determined you were part of an organizational network and you organized or maintained an ownership role in the drug conspiracy.  The Bureau's classification procedures hold an inmate responsible for the total offense behavior.  Only the Regional Director may waive a PSF, upon request of the Warden.  The Warden has not recommended a waiver of the PSF.

We reviewed your new claim that staff are using inaccurate information to classify you.  You should first raise this issue with your unit team.  In accordance with Program Statement 5800.11, <u>Inmate Central File, Privacy Folder, and Parole Mini-Files</u>, staff have an obligation to verify the challenged information in your PSI.  However, you have the obligation to provide information to support your claim.  Our review of your appeal indicates the application of the "Greatest Severity" offense classification and PSF are appropriate and in accordance with policy.  Your appeal is denied.

Nov. 24, 2000
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals