**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RIVERA, | : | |
| Petitioner | : | No. 1:CV-01-0096 |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| WARDEN, L.S.C.I. ALLENWOOD, | : | (Magistrate Judge Blewitt) |
| Respondent | : | |

FILED
HARRISBURG
MAR 0 7 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

GOVERNMENT'S RESPONSE TO
THE PETITION FOR WRIT OF HABEAS CORPUS

This is habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, Jaime Rivera, who presently is confined at LSCI Allenwood. Rivera is challenging his 1992 conviction in the United States District Court for the Eastern District of Pennsylvania on charges of possession with conspiracy to distribute cocaine, distribution of 125 grams of a substance containing cocaine, and distribution of 125 grams of a substance containing cocaine within 1000 feet of a school in violation of 21 U.S.C. §841(a)(1), and §860.

In this habeas petition, Rivera relies upon Apprendi v. New Jersey, ___ U.S. ___, 120 S.Ct. 2348 (2000), to challenge his conviction. Specifically, Rivera claims that the government was required to plead the identity and quantity of drugs in the indictment and that the jury failed to decide beyond a reasonable doubt the identity and quantity of drugs involved.

The government maintains that Rivera cannot raise such a claim under 28 U.S.C. §2241, but, rather, he must attempt to raise his claim under 28 U.S.C. §2255.

## Statement of the Case

In 1991, Rivera and his co-defendants were indicted by a Grand Jury in the Eastern District of Pennsylvania at Criminal No. 91-00394-001 on charges of possession with conspiracy to distribute cocaine, distribution of 125 grams of a substance containing cocaine, and distribution of 125 grams of a substance containing cocaine within 1000 feet of a school in violation of 21 U.S.C. §841(a)(1), and §860.

Rivera was convicted by a jury of these charges on November 22, 1991. On June 1, 1992, Rivera was sentenced to 292 months in prison, plus 10 years supervised release. Rivera initially appealed but then voluntarily withdrew his appeal on September 18, 1992.

On May 6, 1993, Rivera filed a motion under 28 U.S.C. §2255, challenging his conviction and sentence. Exh. 1. The district court denied the motion on May 20, 1994. Exh. 2. On February 15, 1995, the Third Circuit Court of Appeals affirmed this order.

On November 12, 1996, Rivera filed a Rule 60(b) motion concerning his conviction and/or sentence. The motion was treated as a successive §2255 motion and transferred to the Third Circuit

2

Court of Appeals, which denied Rivera leave to file a successive §2255 motion on January 15, 1997. Habeas Petition, ¶12. See also Exh. 8 (docket entries).

On July 8, 1998, Rivera filed a motion for re-sentencing in the Eastern District of Pennsylvania under 18 U.S.C. §3582(c)(2). Exh. 8 (docket entries). On February 9, 2000, the Eastern District of Pennsylvania district court denied Rivera's motion. Exh. 3 (court order). On February 24, 2000, Rivera appealed to the Third Circuit Court of Appeals. Exh. 8 (docket entries). In his appeal (but not in his §3582(c)(2) motion before the district court), Rivera has alleged error on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000). As to this new appellate issue, the government has argued to the Third Circuit that Rivera must raise such a claim before the sentencing court in a §2255 motion. See Exh. 4, at n.4 (excerpt of appellate brief).

In the meantime, on June 28, 1999, Rivera filed a habeas corpus petition in the Northern District of Ohio. Exh. 5. (At the time, Rivera was incarcerated at FCI Elton, Ohio). The §2241 petition challenged his 1992 criminal sentence. The district court for the Northern District of Ohio dismissed the habeas petition on August 3, 2000, because it was a second or successive §2255 motion. Exhs. 7,8. Rivera has appealed to the United States Court of Appeals for the Sixth Circuit. Habeas Petition, ¶12.

On February 1, 2001, Rivera filed the present habeas petition under 28 U.S.C. §2241. The habeas petition challenges his conviction and sentence as being contrary to the Supreme Court's holding in <u>Apprendi</u>, 530 U.S. 466.

### Questions Presented

I.  Should the habeas petition be denied in that Rivera cannot challenge his conviction by a §2241 habeas petition?

II. Should Rivera's request to compel the Bureau of Prisons to waive his Public Safety Factor, which is part of the classification decision as to Rivera's federal sentence, be denied?

### Argument

**I. THE HABEAS PETITION SHOULD BE DENIED IN THAT RIVERA CANNOT CHALLENGE HIS CONVICTION BY A §2241 HABEAS PETITION.**

The government submits that Rivera cannot raise his <u>Apprendi</u> claim in a §2241 habeas petition. This is so because Congress has mandated that persons like Rivera, i.e., persons convicted in federal court who challenge their convictions and sentences, are required to do so by filing a motion under 28 U.S.C. §2255 before the sentencing court. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3rd Cir. 1971); <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). As such, Rivera cannot seek relief under 28 U.S.C. §2241 and this habeas petition should be denied.

A.  **The Statutory Framework For Federal Post-Conviction Relief**.

To seek federal post-conviction relief from a judgment of conviction, persons convicted in federal court are *required* to bring their collateral attacks challenging the *validity* of their conviction and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241. Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Vial, 115 F.3d at 1194; Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. Galante, 437 F.2d at 1165.

Thus, §2255 provides a remedy which is equivalent to that historically available under the habeas writ. "[I]t conclusively appears from the historic context in which §2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined." Hill v. United States, 368 U.S. 424, 427 (1962).

The reason for this rule is due to the venue provisions governing §2241 petitions. Previously, prisoners had challenged their federal convictions by filing a petition for writ of habeas corpus under 28 U.S.C. §2241. This proved unmanageable, however, in that §2241 habeas petitions are filed in the district where the

5

prisoners are confined. As a result, the few districts that had major federal penal institutions were required to handle an inordinate number of habeas actions far from the homes of the witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted §2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. Dorsainvil, 119 F.3d at 249.

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 683 (3rd Cir. 1954). The only exception, i.e. when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. §2255; Davis, 417 U.S. at 343, Dorsainvil, 119 F.3d at 251; Vial, 115 F.3d at 1194.[1]

---

[1] This exception, known as the "safety-valve" clause or "savings" clause of §2255, **must** be construed **strictly**. Dorsainvil, 119 F.3d at 251 (collecting cases). Section 2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a §2255 motion...." Vial, 115 F.3d at 1194 n.5 (citations omitted). See also Dorsainvil, 119 F.3d at 251; Bradshaw, 86 F.3d at 166; Leguillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997).

B.   **AEDPA's Effect on Federal Post-Conviction Relief**.

In 1996, Congress amended §2255 through AEDPA. One significant change is that prisoners must file their §2255 motions within one year of their conviction or three other narrowly tailored situations, whichever is latest. Another change, of relevance here, is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255. A second or successive §2255 motion can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances. 28 U.S.C. §2255; Vial, 115 F.3d at 1194-95.[2]

The Third Circuit addressed the extremely limited availability of a §2241 motion in In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). There, the defendant wished to challenge his conviction under 18 U.S.C. §924(c), after the Supreme Court in

---

[2] A court of appeals may authorize the filing of a second or successive §2255 motion only if the prisoner's application contains a claim based upon:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255. See also 28 U.S.C. §2244(b)(3).

7

<u>Bailey v. United States</u>, 516 U.S. 137 (1995), limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise this issue in a successive §2255 petition given the statutory limitations on successive §2255 petitions. However, that left Dorsainvil in a position where he may well have been convicted for conduct that was not criminal, with him having no §2255 remedy. The Court, while acknowledging that §2241 "is now reserved for rare cases," 119 F.3d at 250, held that the remedy of §2241 consideration applied in Dorsainvil's unusual situation. In so holding, the Circuit relied on <u>Davis v. United States</u>, 417 U.S. 333 (1974), in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his conduct not to be criminal** in order to avoid a complete miscarriage of justice. 119 F.3d at 251.

<u>Dorsainvil</u> continued:

> *We do not suggest that §2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255. Such a holding would effectively eviscerate Congress's intent in amending §2255.* However, allowing someone in Dorsainvil's <u>unusual</u> position -- that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively -- is hardly likely to undermine the gatekeeping provisions of §2255.

8

Id. at 251 (emphasis added).  See also United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make §2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of §2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of §2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under §2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a §2241 action simply when unable to bring a §2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

The ruling in Dorsainvil does not benefit Rivera, who has not claimed that he was convicted for conduct that is now recognized as not being criminal.  Rivera's claim, to the contrary, is pursuant to Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), which held that any fact that subjects the defendant to a higher statutory maximum penalty must be proven to the jury by proof beyond a reasonable doubt.  Apprendi did not declare that any conduct, previously thought criminal, is not criminal.  Rather, Apprendi merely addressed the burden of proof and the identity of the fact finder with respect to certain sentencing issues.

Moreover, in this case, §2255 does not preclude relief. Even though Rivera previously filed a §2255 petition on a different issue, the statute allows him to seek permission from the Court of Appeals to file a successive petition raising "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (Under AEDPA, the motion must be made within one year of the Apprendi decision.)

Thus, §2255 does not foreclose relief; it merely requires that Rivera abide by its procedural rules. If Rivera cannot satisfy those rules, it would be because Apprendi is not found to apply retroactively to cases on collateral review. Such a finding would doom not only the §2255 petition but also any habeas petition under §2241.[3]

In United States v. Brooks, 230 F.3d 643 (3rd Cir. 2000), the Court of Appeals confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. Reviewing the limited number of cases in which a §2241 petition had been allowed, the Court stated: "Indeed, a common theme is evident in the circuit court opinions addressing the availability of §2241: in those cases in which recourse to §2241 is granted, the petitioner

---

[3] Similarly, the fact that Rivera procedurally defaulted his Apprendi claim by not raising it on sentencing or direct appeal, see, e.g., Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring), would foreclose any habeas petition under either statute.

10

would have no other means of having his or her claim heard." Id. at 648. In Dorsainvil, for example, by the time it was decided that the *defendant's conduct was **not criminal** at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but is barred due to AEDPA's procedural rules, recourse to §2241 is impermissible. Accordingly, Brooks held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition.

Before concluding, the government notes that Rivera cites Cohen v. United States, 593 F.2d 766 (6th Cir. 1979), as holding that a person can bring a claim under §2241 if the petition includes "a mixture of events, i.e., events that occurred before, during, and after the imposition of the sentence." Pet. Br., at 12. First, the actual holding of the case was that a prisoner's claim that the government has failed to live up to the terms of a plea agreement regarding conveying information to parole authorities, which inherently puts into question the effect of the alleged breach on the prisoner's right to parole, is a claim that is properly raised under 28 U.S.C. §2241, and not §2255. Cohen, 593 F.2d at 767-771. Although the court did mention in a footnote that habeas corpus could be available where §2255 relief was inadequate or ineffective, and that it *believed* that a prisoner

having to go to <u>three</u> different courts to obtain relief would be an "inadequate and ineffective avenue for judicial redress," <u>id.</u>, at 771 n.12, this statement was dicta.

Moreover, the facts were unique in <u>Cohen</u> where the prisoner had been convicted in three different districts, which involved three plea agreements. For the prisoner to challenge his parole decision as impacted by the government's promises in its plea agreements -- even though the promises were identical in each plea agreement -- the prisoner would have to file three separate §2255 motions in three different courts. As the Sixth Circuit recognized, that was an ineffective avenue of judicial redress in light of the facts of <u>that</u> case.

Rivera also cites to <u>Gomori v. Arnold</u>, 533 F.2d 871, 874 (3rd Cir. 1976), that a §2241 habeas petition can be raised to challenge events subsequent to a defendant's sentence. <u>Gomori</u>, however, merely involved a sentencing calculation matter, which clearly can be heard only under §2241.

Thus, in light of the above, Rivera cannot bring his <u>Apprendi</u> claim in a §2241 habeas petition. Rather, he should seek leave to file a successive §2255 motion before the Third Circuit. Whether Rivera's claims may be foreclosed because of the procedural restrictions which Rivera has thus far failed to satisfy and may not be able to satisfy, does not alter the fact a writ of habeas

corpus under §2241 is not available in this case. Accordingly, the habeas petition should be denied.[4]

## II. RIVERA'S REQUEST TO COMPEL THE BUREAU OF PRISONS TO WAIVE HIS PUBLIC SAFETY FACTOR, WHICH IS PART OF THE CLASSIFICATION DECISION AS TO RIVERA'S FEDERAL SENTENCE, BE DENIED.

Rivera also asks this Court to compel the Bureau of Prisons to waive his Public Safety Factor, which is part of the BOP's classification of Rivera's federal sentence. The Sentencing Reform Act gives the BOP the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. §3621(b), and the BOP "may designate any available penal or correctional facility ... that the Bureau determines is to be appropriate and suitable" considering, among other things, "the history and characteristics of the prisoner." The BOP has determined that a prisoner's "Offense Severity" status is a Public Safety Factor requiring increased safety measures in order to insure the protection of society.

---

[4] Should the Court believe that any issues asserted by Rivera are properly raised in a §2241 petition, respondent requests that additional time be granted to respond so that the United States Attorney's Office for the Eastern District of Pennsylvania, which prosecuted Rivera, can prepare a response to the merits of any such claims. Additionally, that office would also to be able to address whether Rivera procedurally defaulted his Apprendi claim by not raising it on sentencing or direct appeal, see, e.g., Withrow v. Williams, 507 U.S. 680, 720-721 (1993) (Scalia, J., concurring), such as to foreclose a §2255 motion or habeas petition; whether Apprendi applies retroactively on collateral review; and whether, if there was error, whether there was no plain error given the weight of the evidence.

In this case, Rivera's Pre-Sentence Investigation report ("PSI") revealed that the it would be prudent to apply a Public Safety Factor of "Greatest Severity" based on the actions underlying Rivera's conviction. Specifically, staff reviewed the PSI and consulted Chapter 7 of the Bureau of Prisons Program Statement 5100.07, entitled <u>Security Designation and Custody Classification Manual</u>. This chapter lists nine Public Safety Factors (PSFs) which are applied to inmates who are not appropriate for placement at an institution which would permit inmate access to the community (i.e., MINIMUM security). These nine factors are based on certain demonstrated behaviors which require increased security measures to ensure the protection of society. Among these PSFs is "Greatest Severity Offense".

Appendix B of this same program statement states that "Any drug offender whose current offense includes the following criteria shall be scored in the greatest severity category: The offender was part of an organizational network and he or she organized or maintained ownership interest/profits from **large-scale** drug activity, **\*\*\*AND\*\*\*** the drug amount equals or exceeds the amount below: cocaine - greater than or equal to 10,000 gm, 10 K, or 22 lb". (Emphasis in the original)

By applying Rivera's documented behavior, as reflected in the PSI, to this criteria, staff correctly determined that the Public Safety Factor of "Greatest Severity" was warranted in that

14

Rivera's offense involved 15-50 kilos of cocaine and he had received an increase of four levels as a result of his leadership or organizer role in the offense. The PSI also stated that Rivera had directed a minimum of seven individuals in the drug trafficking conspiracy, that he had made major decisions regarding the drug distribution and that he was responsible for directing the flow of cocaine from New York through establishments in Allentown, Pennsylvania. Last, Rivera was also given a PSF of "Sentence Length" as his sentence was more than twenty (20) years. See Exh. 9 (Smith Decl.)

Although Rivera claims that Apprendi bars the BOP from considering the level of his involvement, including the amount of drugs, in his underlying conduct, the assertion is meritless. Whatever Apprendi's impact is or is not, it does not alter the BOP exercise of discretion in deciding how to classify an inmate and deciding where to confine him. Thus, this aspect of Rivera's habeas petition should be summarily denied.

### Conclusion

For the above-stated reasons, Rivera's petition for a writ of habeas corpus should be denied.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: March 7, 2001

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RIVERA,
      Petitioner

             : No. 1:CV-01-0096

      v.

             (Judge Caldwell)

WARDEN, L.S.C.I. ALLENWOOD,  (Magistrate Judge Blewitt)
      Respondent

**AMENDED CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 7th day of March, 2001, she served a copy of the attached

GOVERNMENT'S RESPONSE TO THE PETITION
FOR WRIT OF HABEAS CORPUS

by placing said copy in a envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by sending said envelope and contents via Federal Express.

ADDRESSEE:

Cheryl Sturm, Esquire
408 Ring Road
Chadds Ford, PA 19317

                                   ANITA L. LIGHTNER
                                   Paralegal Specialist