IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME RIVERA, | CIVIL ACTION NO. **1:CV-01-0096** |
| Petitioner | (Judge Caldwell) |
| v. | (Magistrate Judge Blewitt) |
| WARDEN, LSCI ALLENWOOD, | |
| Respondent | |

**FILED SCRANTON**

APR 19 2001

PER _____ DEPUTY CLERK

## REPORT AND RECOMMENDATION

Petitioner, an inmate at the LSCI Allenwood, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2001. (Doc. 1).

## I. Background

On November 22, 1991, the Petitioner was convicted by a jury of Possession with Intent to Distribute Cocaine, distribution of 125 grams of a substance containing cocaine, and distribution of 125 grams of a substance containing cocaine within 1000 feet of a school, in violation of 21 U.S.C. §841(a)(1), in the United States District Court for the Eastern District of Pennsylvania. On June 1, 1992, the Petitioner was sentenced to 292 months in prison, plus 10 years supervised release.

Thereafter, the Petitioner appealed his conviction to the Third Circuit Court of Appeals, but he then withdrew the appeal.

On May 6, 1993, the Petitioner filed a Motion challenging his conviction and sentence pursuant to 28 U.S.C. §2255. On May 24, 1994, the motion was denied. On February 15, 1995, the Third Circuit Court of Appeals affirmed the district court's order.

The Petitioner filed a Rule 60(b) motion on November 12, 1996. The motion was treated as a successive §2255 motion and transferred to the Third Circuit Court of Appeals, which denied the Petitioner leave to file a successive §2255 motion on January 15, 1997.

On July 8, 1998, Rivera filed a motion for re-sentencing in the Eastern District of Pennsylvania under 18 U.S.C. §3582(c)(2). The motion was denied on February 9, 2000. He then appealed to the Third Circuit Court of Appeals. In his appeal to the Third Circuit, but not in the motion filed in the district court, the Petitioner alleged error on the basis of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). It does not appear from the record that the Third Circuit Court of Appeals has disposed of this appeal.

The present petition was filed pursuant to 28 U.S.C. §2241 on February 1, 2001.

## II. Discussion.

*A. Section 2255.*

Petitioner has previously filed a Section 2255 motion, which was denied. He therefore filed this petition pursuant to 28 U.S.C. §2241. Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under Section 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

*Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (*per curiam*) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See Id.; Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir. 1966). The fact that a prior Section 2255 motion filed in the sentencing court was denied is insufficient to show that the Section 2255 remedy is inadequate or ineffective. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988); *Litterio v. Parker*, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative. . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

Moreover, the United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under Section 2255, a motion under Section 2255 "supersedes habeas corpus and provides the exclusive remedy." *Strollo v. Alldredge*, 409 U.S. 1046 (1972). As noted in *Litterio*, lack of success does not by itself entitle Petitioner to review of his habeas corpus petition.

In an effort to overcome the stringent gate keeping requirements that apply to successive § 2255 petitions, the Petitioner filed this 28 U.S.C. § 2241 petition contending that the case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and the new rule of law set forth therein, warrants another look at his case. *Apprendi* essentially held that a jury, rather than a judge, must determine beyond a reasonable doubt facts supporting a statutory sentencing enhancement. In relying on *Apprendi*, the Petitioner argues that he was sentenced in violation of a International Covenant on Civil and Political Rights. (Doc. 1, p. 6).

3

In order to determine whether the Petitioner's argument has any merit, we must first address whether the *Apprendi* rule can be applied retroactively. "In keeping with the limited purpose of the writ of habeas corpus, the Supreme Court has established a very strict test for determining whether a recently announced change in the law is to be applied retroactively to cases on collateral review." *United States v. Gibbs*, 125 F. Supp.2d 700, 703 (E.D. Pa. 2000). "[F]ederal courts may retroactively apply new rules of law on habeas petitions if the rules are watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, that alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *West v. Vaughn*, 204 F.3d 53, 59-60 (3d Cir. 2000). The Third Circuit adheres to the approach set forth in *Teague v. Lane*, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L.Ed. 2d 334 (1989). The *Gibbs* case succinctly set forth the *Teague* retroactivity test as follows:

> A new rule is not applicable to cases which have become final before the announcement of the new rule unless it falls within one of two exceptions:
>
> First, a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal law - making authority to proscribe.' Second, a new rule should be applied retroactively if it requires the observance of 'those procedures that ... are implicit in the concept of ordered liberty.'
>
> *Teague v. Lane*, 489 U.S. 288, 307, 109 S.Ct. 1060, 103 L. Ed. 2d 334 (1989)(plurality opinion) *(quoting Mackey v. United States*, 401 U.S. 667, 682, 91 S.Ct. 1160, 28 L.Ed. 2d 404 (1971)(some internal quotations omitted). In subsequent cases the Court enunciated a three-step analysis under the *Teague* test. *See O'Dell v. Netherland*, 521 U.S. 151, 156, 117 S.Ct. 1969; *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948. First, the date on which the defendant's

4

> conviction became final must be ascertained.  Second, the
> habeas court must decide whether the holding constitutes a
> new rule.  Finally, if the rule is new, we must determine
> whether it falls 'within one of the two narrow exceptions to
> the *Teague* doctrine.'  *O'Dell*, 521 U.S. at 156-57, 117 S.Ct.
> 1969.

*Gibbs*, 135 F. Supp.2d at 703.

We note that the Petitioner's conviction became final prior to the issuance of the *Apprendi* decision on June 26, 2000.  With regard to whether *Apprendi* announced a new rule of constitutional law, although the Third Circuit has not addressed the issue, we have reviewed the opinions of those courts that have reviewed the question and concur with their conclusion that *Apprendi* does in fact announce a new constitutional rule as defined by *Teague*.  See, *Rodgers v. United States*, 229 F.3d 704, (8th Cir. 2000); *Talbot v. State of Indiana*, 226 F.3d 866; *In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000); *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000).  We therefore turn to whether the new rule announced in *Apprendi* falls within one of the two narrow exceptions set forth in *Teague* so as to be applied retroactively.  Two district courts in our circuit have addressed this issue, and both have found that the new rule does not fall within the *Teague* exceptions.  *Levan v. United States*, 128 F. Supp.2d 270, 278 (E.D. Pa. 2001); *Gibbs*, 125 F.Supp.2d at 706.  We find no reason to conclude differently, and in so doing, conclude that *Apprendi* does not apply retroactively.  Thus, the *Apprendi* rule provides no form of relief for the Petitioner.

We would note that the Petitioner relies on a recent Western District of Pennsylvania case, *Samsur Baksh v. Warden, FCI Loretto*, W.D.Pa. Civil Action No. 00-231, in support of his argument that cases that were passed on in the context of Section 2255 prior to the *Apprendi* decision are

appropriate for consideration under Section 2241. However, our review of the Order issued in that case does not lead us to the same conclusion. Although *Apprendi* is discussed therein, the Honorable D. Brooks Smith stated that the case of "*Jones [v. United States*, 529 U.S. 848, 146 L.Ed.2d 902 (2000)] may have a bearing on his conviction inasmuch as it held that §844(I) 'covers only property currently used in commerce in an activity affecting commerce' and that the term 'used' means 'active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce.'" (Doc. 9, Exhibit 1, p. 2). Judge Smith thereafter ordered and directed that Baksh's §2241 petition may proceed for the purpose of challenging his conviction in light of the intervening substantive law rendered in *Jones*." (*Id.*) There is no indication that *Apprendi* prompted the district court to consider the petition under Section 2241.

While the Petitioner may demonstrate a personal inability to utilize the Section 2255 remedy, he does not establish the inadequacy or ineffectiveness of the remedy itself. *See Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may

6

negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

B. *Section 2241.*

The Petitioner also challenges a decision that was rendered on an application for waiver of his Public Safety factor (PSF). The Petitioner states that "[t]he PSI arbitrarily, capriciously, and whimsically attributed 15 kilograms to 50 kilograms of cocaine to Mr. Rivera. Besides being arbitrary, capricious, and whimsical, without a finding from a jury, the PSI's alleged drug quantities are inconsistent with the ICCPR, the due process clause, the sixth amendment right to jury trial. Accordingly, the BOP's reliance on the PSI to impose a Public Safety Classification is erroneous." (Doc. 1, p. 23). In so arguing, the Petitioner relies on *Apprendi*.

In response, the Respondent cites to 18 U.S.C. §3621(b), which gives the BOP the responsibility of designating the place of the prisoner's imprisonment. That provision states as follows:

> (b) **Place of imprisonment**. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable considering–

7

>(1) the resources of the facility contemplated;
>
>(2) the nature and circumstances of the offense;
>
>(3) the history and characteristics of the prisoner;
>
>(4) any statement by the court that imposed the sentence --
>
>>(A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or
>>
>>(B) recommending a type of penal or correctional facility as appropriate; and
>
>(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

The Respondent then states that the Petitioner's Public Safety Factor was arrived at through consideration of the PSI and consultation with Chapter 7 of the Bureau of Prisons Program Statement 5100.07, entitled "Security Designation and Custody Classification Manual."

The Petitioner, in his Traverse, argues that "the drug amounts and the role in the offense attribute (sic) to Mr. Rivera by the PSI where (sic) made without a finding by the jury, beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*. Therefore, the BOP cannot rely on the PSI's findings until a finding by a jury on the drug quantity and the role in the offense is made." (Doc. 9, p. 8).

Based on the above conclusion that *Apprendi* is not retroactive, we find the Petitioner's argument to be without merit.

## III. Recommendation.

Based upon the foregoing, it is respectfully recommended that the petition be dismissed.

                                         _____
                                         **THOMAS M. BLEWITT**
                                         **United States Magistrate Judge**

Dated: April 19, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME RIVERA, | : | CIVIL ACTION NO. **1:CV-01-0096** |
| | : | |
| Petitioner, | : | |
| | : | (Judge Caldwell) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN, LSCI ALLENWOOD, | : | |
| | : | |
| Respondent | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated April /9, 2001.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: April/9, 2001