IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     : C.A. NO. 1:CV-01-0096
ex rel. JAIME RIVERA,
Registration No. 44529-066     : (Judge Caldwell)
       Petitioner
       : (Magistrate-Judge Blewitt)

                     :

            V.          :

WARDEN, LSCI ALLENWOOD,        :
       Respondent

FILED
SCRANTON

MAY 1 4 2001

PER _____
DEPUTY CLERK

## SUPPLEMENTAL EXCEPTIONS

**Jaime Rivera** ["Petitioner"] submits the following as his response to the

government's brief opposing his EXCEPTIONS to the Magistrate-Judge's Report and

Recommendation [hereinafter called the "MJRR"].[1]

## I. THE MJRR SHOULD HAVE RECOMMENDED STRIKING OFF THE GOVERNMENT'S RESPONSE BECAUSE IT WAS THE FUNCTIONAL EQUIVALENT OF THE MOTION TO DISMISS DENOUNCED IN BROWDER

The MJRR should have recommended the Government's Response be stricken

because it did not satisfy the requirements of 28 U.S.C. 2241 (hereinafter called "2241"

or "statute").

The Government's response is contrary to **Browder vs. Department of

Corrections of Illinois**, 434 U.S. 257, 269, n. 14, 98 S.Ct. 556, 563, n. 14, 54 L.Ed.2d

521 (1978), wherein the Supreme Court stated:

> The custodian's response to a habeas corpus petition
> is not like a motion to dismiss. The procedure for

---

[1] There is no statutory right to file a brief opposing Exceptions to a Magistrate-Judge's
Report and Recommendation. There is no statutory right to file a motion to dismiss a
2241 habeas petition.

2

> responding to the application for a writ of habeas corpus,
> unlike the procedure for seeking a correction of a judgment,
> is set forth in the habeas corpus statutes and, under rule
> 81(a)(2), takes precedence over the Federal Rules.

In **Chavez vs. Morgan**, 932 F.Supp. 1152 (EDWI 1996), the Court stated that the correct response to a habeas petition is an answer to each allegation in the petition, and copies of the documents necessary for the district court to make an informed judgment. See also **Williams vs. United States**, 2000 WL 134717 *1 (NDIll 2000).

In **United States vs. Ukawabutu**, 997 F.Supp. 605 (DNJ 1998), the Court stated that the proper response to a 2241 habeas is an answer and the documents required by statute. The Court reserved the right to request a motion to dismiss if the situation called for it.[2]

Accordingly, the entire MJRR is improper because it does not follow Browder and proper Section 2241 habeas procedure.

## II. APPRENDI RETROACTIVE

**Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) held that elements of a criminal offense must be stated in the indictment, submitted to a jury and proven beyond a reasonable doubt.

**Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) held "Other than a fact of a prior conviction, any fact that increases the penalty for

---

[2] Section 2241 states what the government must file, and what it must attach. Accordingly, the Petitioner cannot subscribe to the theory that the rules governing 2254 habeas supersede the statutory scheme for 2241 habeas petitions.

3

a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 120 S.Ct. 2362-63.

The **Jones/Apprendi** line is retroactive to cases on direct appeal, and is retroactive to cases on collateral review because it is the first interpretation of a criminal statute, and/or a watershed rule of criminal procedure.

**Fiore vs. White**, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) held that the first interpretation of a criminal statute is retroactive to the date of enactment. In that case, the petitioner was convicted in a state court of operating a hazardous waste facility without a permit. After Fiore's conviction became final, the PA Supreme Court interpreted the statute for the first time and made it clear that Fiore had a permit so his conduct was not within the scope of the statute. The PA courts refused to grant collateral relief. The Court held it was error not to grant the relief sought because the Pa Supreme Court's interpretation of the statute was retroactive to the date of enactment.

In **Darity vs. United States**, 124 F.Supp2d 355 (WDNC 2000), the district court held Apprendi retroactive on the theory that the case was the first interpretation of Section 841 with respect to what constitutes an element of the offense.

In **Parise vs. United States**, 2001 WL 298766 (DCT 2001), Judge Dorsey held Apprendi to be retroactive on the grounds that it a watershed rule of criminal procedure. See also: **Reynolds vs. Cambra**, 2001 WL 314628 (CDCA 2001) holding Apprendi retroactive as a watershed rule of criminal procedure, and **United States vs. Murphy**, 109 F.Supp 2d 1059, 1064 (DMN 2000), **Hoffman vs. Arave**, 236 F3d 523, 2001 WL 6719 *23 (9th Cir. 2001)(Pregerson, J. concurring ["I would adhere to the Supreme Court's characterization of the rule at stake in Apprendi and find that the right to a jury

4

determination of an element of capital murder, the presence of aggravating

circumstances, is a bedrock right within the meaning of the Teague exception."], **Illinois**

**vs. Beachum**, ___N.E.2d 2000 WL 1800441 (Ill. App. 2000)[holding that Apprendi

applies retroactively on collateral review because it "not only safeguards fundamental

fairness; its reasonable doubt standard provides the only measure of accuracy in extended

sentencing."]

## III. THE APPRENDI CLAIM CAN, AND INDEED, MUST BE RAISED IN A 2241 HABEAS CORPUS PETITION

### A. APPRENDI CLAIM NOT AVAILABLE WHEN 2255 MOTION WAS FILED

28 U.S.C. 2255 reads, in pertinent part, as follows:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court, which imposed
> the sentence to vacate, set aside, or correct the sentence.

> Unless the motion, and the files, and the records of the case
> conclusively show that the prisoner is entitled to no relief, the
> court shall cause notice thereof to be served upon the United States
> attorney, grant a prompt hearing thereon, determine the issues, and
> make findings of fact and conclusions of law with respect thereto.
> If the court finds that the judgment was rendered without jurisdiction, or
> that the sentence imposed was not authorized by law or otherwise
> open to collateral attack, or that there has been such a denial or
> infringement of the constitutional rights of the prisoner as to render
> the judgment vulnerable to collateral attack, the court shall vacate and
> set the judgment aside and shall discharge the prisoner or resentence him
> or grant a new trial or correct the sentence as may appear appropriate...

> An application for a writ of habeas corpus...shall not be entertained
> if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, **unless it also appears that the remedy
> by motion is inadequate or ineffective to test the legality of his**

detention. [Emphasis supplied][last clause is hereinafter called the
"savings clause']

The instant 2241 habeas is based on the legal principles on Jones/Apprendi,
which did not become available until years after the 2255 motion was decided.

In **Jeffers vs. Chandler**, 234 F3d 277 (5th Cir. 2000), the court stated that
petitioner could rely on the savings clause if the basis for the claim presented in the 2241
was not available at the time the 2255 motion was filed. See also: **Yu vs. United States**,
2000 WL 1844763 (SDNY 2000).

**Jiminian vs. Nash**, 2001 WL 314559 (2d Cir. 2001) does not involve the ICCPR
or any treaty of the United States. The petitioner in that case alleged a violation of 18
U.S.C. 3553(c)(1)[failure to state on the record the reason for imposing a sentence in the
guideline range where the range is 24 months or more]. How **Jiminian** helps the
government's position is a mystery.

If anything, **Jiminian** is incompatible with the government's position in at least
two ways.

First, the case cites **Triestman vs. United States**, 124 F3d 361, 373 (2d Cir.
1997) for the proposition that a 2255 motion may be inadequate or ineffective in
circumstances where "the petitioner cannot, for whatever reason, utilize a 2255, and in
which the failure to allow for collateral review would raise serious constitutional
questions."

Second, **Jiminian** differentiates claims previously available from claims not
available. Claims not unavailable are considered second or successive 2255 motions.
Claims unavailable are not.

6

The failure to correct the **Jones/Apprendi** defects would result in serious constitutional concerns.  For example, if the Court were to ignore the **Jones/Apprendi** violation, the Court would be affirming a sentence it has an independent constitutional duty to correct sua sponte.  **Freytag vs. Commissioner of Internal Revenue**, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991)[Court must examine its own jurisdiction; therefore, jurisdictional defects cannot be waived].

In this case, Petitioner was sentenced to 292 months' imprisonment, which is higher than the 240 month maximum sentence the district court was allowed to impose. A sentence of even one day more than provided by law violates the Eighth Amendment. **Robinson vs. California**, 370 U.S. 660, 667, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 258 (1962).

## IV. THE TREATY ISSUE

Article 9 paragraph 4 of the International Covenant on Civil and Political Rights, December 16, 1966, 999 U.N.T.S. 171 ["ICCPR"] to which the United States became a party in 1992, states, "anyone who is deprived of his liberty by...detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful."

Article 14, paragraph 1, sentence 2 states, "In the determination of any criminal charge against him...everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law."

Article 15, paragraph 1, sentence 3 states, "If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby."

An Act of Congress is not to be construed in a manner that violates international law. **Filartiga vs. Pena-Irala**, 630 F2d 876, 887 (2nd Cir. 1980)["The law of nations...has always been part of the federal common law."]

In **Kansas vs. Colorado**, 206 U.S. 46, 97, 27 S.Ct. 655, 667, 51 L.Ed. 956 (1907) the Supreme Court stated:

> International law is part of our law, and must be ascertained
> and administered by the courts of justice of appropriate jurisdiction
> as often as questions of right depending upon it are duly presented
> for their determination.

28 U.S.C. 2241 reads, in pertinent part, as follows: "(c) The writ of habeas corpus shall not extend to a prisoner unless--He is in custody in violation of the Constitution, or laws or treaties of the United States..."

28 U.S.C. 2241(c)(3) is the legislation that makes the Treaty "self-executing" by giving a prisoner the right to apply for habeas corpus on the grounds that the detention violates a treaty of the United States.

The government makes the argument that the Petitioner could have alleged in a 2255 motion that the sentence was imposed in violation of the ICCPR. However, the argument does not stand to reason.

First, the **Jones/Apprendi** argument, the retroactive change in the law that is the foundation for the violation of the ICCPR was not available when the 2255 motion was filed.

Second, the 2241 habeas statute is the legislation that makes the ICCPR self-executing. Absent such language, the petitioner has no right to bring an action alleging a violation of individual rights.

8

## V. CONCLUSION

The Government's arguments should be stricken. The Report and

Recommendation of the Magistrate-Judge should be rejected.


_____Cheryl J. Sturm_____
Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, PA 19317
484/771-2000

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of May, 2001, s/he served a copy of the **SUPPLEMENTAL EXCEPTIONS TO THE MJRR** upon opposing counsel, and all interested parties by mailing a copy of same, first class mail, first class postage prepaid, addressed as follows:

Magistrate-Judge Thomas M. Blewitt
United States District Court
Middle District of Pennsylvania
235 N. Washington Avenue
P.O. Box 1148
Scranton, PA 18501


Kate L. Mershimer
Assistant U.S. Attorney
228 Walnut Street, Second Floor
P.O. Box 11754
Harrisburg, PA 17108-1754